**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JERRY FRIEDMAN; and FM SERVICE                                    PLAINTIFFS
EQUIPMENT GROUP, INC.

v.                                            NO. 5:13CV00027 JLH

KELLY FARMER, individually and in his
capacity as an officer of Arkat Nutrition, Inc.;
JOHN FARMER, individually and in his capacity
as an officer of Arkat Nutrition, Inc.;
ARKAT NUTRITION, INC.; AINSWORTH
PET NUTRITION, INC.; and JOHN DOE(S)                             DEFENDANTS

AINSWORTH PET NUTRITION, INC.                              CROSS-CLAIMANT

v.

KELLY FARMER; JOHN FARMER; and
ARKAT NUTRITION, INC.                                     CROSS-DEFENDANTS

<u>**OPINION AND ORDER**</u>

Jerry Friedman and FM Service Equipment Group, Inc., brought this action claiming breach

of contract, promissory estoppel, tortious interference with a contract, unjust enrichment, and

conversion.  Ainsworth Pet Nutrition, Inc., has filed a crossclaim against Kelly Farmer, John Farmer,

and Arkat Nutrition, Inc., for indemnity and contribution, and Kelly Farmer, John Farmer, and Arkat

Nutrition have filed a crossclaim against Ainsworth for indemnity and contribution.  The parties

have filed numerous motions for summary judgment, all of which this opinion will address.

**I.**

In December of 2007, Friedman and Arkat Nutrition – through Kelly Farmer, Arkat's

Chairman of the Board – entered into an agreement or arrangement.  Friedman contends the

following regarding the agreement or arrangement.  The agreement gave him the exclusive right to

sell Arkat Nutrition's equipment that was then located in Plant One of Arkat's facility in Dumas,

Arkansas.  Document #80-1 at 1.  Kelly Farmer told him that the equipment's market value was three million dollars.  *Id.*  Friedman's commission was any amount of a sale price in excess of $1.9 million, which was later amended to any amount of a sale price in excess of $1.5 million.  *Id.* at 1-2. John Farmer, Kelly Farmer's son and an Arkat Nutrition employee, was aware of the agreement and knew to refer all calls about the Plant One equipment[1] to Friedman.  *Id.* at 1.  Friedman formed FM Service Equipment Group, Inc., for the sole purpose of marketing the Plant One equipment.  *Id.* at 2.  He rented office space and contacted potential buyers, spending at least $82,220 of his own money.  *Id.*  John and Kelly Farmer were aware of the expenses he was incurring to market the Plant One equipment.  *Id.*

In January of 2010, Ainsworth, formerly known as Dad's Pet Products, Inc.,[2] entered into a purchase agreement with Arkat Nutrition and Arkat Land Company, LLC, for Ainsworth's purchase of targeted assets and assumption of targeted liabilities.  Arkat Nutrition and Arkat Land formed and organized Arkat Animal Nutrition, LLC, and transferred the assets that Ainsworth would buy – including Plant One and any remaining equipment in it – to Arkat Animal Nutrition in exchange for stock ownership in Arkat Animal Nutrition.  Ainsworth then purchased Arkat Nutrition's and Arkat Land's equity interests in Arkat Animal Nutrition.  The purchase agreement lists the liabilities Ainsworth assumed, none of which are to Friedman or FM Service.  Section 3.2.2 of the purchase agreement states that Ainsworth "will not be responsible for any liabilities of [Arkat

---

[1] The term "Plant One equipment" refers to the equipment located in Plant One at the time of the alleged agreement between Friedman and Kelly Farmer to which Friedman alleges he had the exclusive right to sell, whether or not such equipment remained in Plant One after the alleged agreement occurred.

[2] This opinion refers to Ainsworth Pet Nutrition, Inc., and Dad's Pet Products, Inc., interchangeably as "Ainsworth."

Nutrition or Arkat Land Company] including, but not limited to . . . Investor or third party claims."
In 2012, Ainsworth and Arkat Nutrition were parties to a settlement agreement with Sales Marketing Services, LLC.

In 2008 or 2009, Friedman bought a palletizer for $1,000 from Arkat Nutrition. He disassembled the palletizer and left the parts at Arkat Nutrition's facility until he could arrange for a truck to transport them to California. *See* Document #80-1 at 2. The palletizer remained in Plant One through at least December of 2011, after Ainsworth had purchased Arkat Nutrition's assets in Plant One. *See* Document #55-3 at 13. The palletizer is no longer at Plant One and is not in the plaintiffs' possession.

After Ainsworth acquired Arkat Nutrition's assets, a company removed the remaining equipment in Plant One and paid Ainsworth $10,000 for the equipment. Document #68-5 at 4.

## II.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact is presented only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505,

2510, 91 L. Ed. 2d 202 (1986).  The court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record.  *Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013).  If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law.  *Celotex Corp.*, 477 U.S. at 322-23, 106 S. Ct. at 2552.

### III.

#### A.     Breach of Contract

Arkat Nutrition has moved for summary judgment on the plaintiffs' breach-of-contract claim against it.  Arkat Nutrition argues that under the plaintiffs' theory of Friedman's agreement with Arkat Nutrition, Friedman only received a commission if a sale of the Plant One equipment occurred, and Arkat Nutrition contends that a sale did not occur.  A genuine dispute exists regarding this matter.  First, Arkat Nutrition is unclear about what occurred when Arkat Nutrition and Arkat Land Company transferred assets to Arkat Animal Nutrition.  Kelly Farmer states that Arkat Nutrition and Arkat Land "transferred most of their assets to Arkat Animal Nutrition, LLC[,] in exchange for stock ownership in Arkat Animal Nutrition." Document #55-1 at 3.  Such a transaction would indicate a sale of assets.  But in its brief in support of its motion for summary judgment, Arkat referred to this transaction as "an internal restructuring that transferred assets from one Arkat entity to another Arkat entity" and as "a mere internal restructuring where equipment was transferred to a subsidiary."  Document #56 at 8.  Second, the purchase agreement between Ainsworth and Arkat Nutrition and Arkat Land states that Ainsworth is a buyer that is purchasing targeted assets from the sellers, Arkat Nutrition and Arkat Land.  Ainsworth also contends that it purchased targeted assets,

4

including Plant One – and by extension, the equipment remaining in Plant One. More importantly, Friedman alleges that he entered into a contract with Arkat pursuant to which he would have the exclusive right to sell the Plant One equipment. Arkat does not assert that Friedman has the ability to sell that equipment at this juncture.

Ainsworth also argues that no breach of contract occurred between Friedman and Arkat Nutrition because no evidence exists that Ainsworth or anyone else paid more than $1.5 million for the Plant One equipment. This is in essence an argument about whether Friedman is entitled to damages even if Arkat Nutrition breached the contract by not allowing Friedman to be the exclusive seller of the Plant One equipment.[3] Arkat Nutrition also argues that the plaintiffs are unable to prove compensatory damages. While the complaint states that the plaintiffs are due a commission from Arkat Nutrition's sale of assets to Ainsworth, damages resulting from the possible breach of contract are not dependent on that fact. Friedman contends that he had the exclusive right to sell the Plant One equipment that Kelly Farmer had expressed was worth three million dollars. A genuine dispute exists over the price at which Friedman would have been able to sell the Plant One equipment. *Cf. Bowman v. McFarlin*, 1 Ark. App. 235, 239, 615 S.W.2d 383, 385 (1981) ("The underlying purpose in awarding damages for breach of contract is to place the injured party in as good position as he

_____

[3] One part of the complaint indicates that the failure to pay the commission was the breach of the contract, but the remainder of the complaint indicates that the commission is part of the damages the plaintiffs seek and is not the breach itself. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) ("[T]he complaint should be read as a whole, not parsed piece by pieced to determine whether each allegation, in isolation, is plausible."). Friedman's affidavit supports the latter interpretation and clarifies his allegation that Arkat Nutrition gave him the exclusive right to sell the Plant One equipment, meaning that a breach would have occurred when he no longer had that exclusive right.

A plaintiff does not have to prove damages for a defendant to be held liable for breach of contract; the plaintiff may still be able to recover nominal damages. *See Dawson v. Temps Plus, Inc.*, 337 Ark. 247, 257-58, 987 S.W.2d 722, 728-29 (1999).

would have been had the contract been performed."). It is unclear how much of that equipment remained in Plant One when Ainsworth entered into the purchase agreement with Arkat Nutrition and Arkat Land. It is similarly unclear whether the price Ainsworth paid for the equipment in Plant One is comparable to the price Friedman could have received from the equipment located in Plant One in December 2007 that he alleges he had the exclusive right to sell. *See* Document #80-2 at 5 (deposition of Kelly Farmer) ("There was quite a bit of equipment [in Plant One] at one time, before it started getting cleaned out and moved around. I'm not sure how much was there when Jerry [Friedman] first – when he saw it. But there was, you know, two and a half million dollars worth of equipment there at one time."); *see also* Document #55-3 at 11 (affidavit of John Farmer) (explaining the sale of $219,000 worth of Plant One equipment for which FM Service Equipment Group received $59,000).

The plaintiffs' complaint names Ainsworth as a successor in interest to Arkat Nutrition's obligations, including its obligations under its contract with Friedman. Ainsworth has moved for summary judgment, arguing that it purchased targeted assets and assumed targeted liabilities from Arkat Nutrition, none of which were to Friedman, and is not a successor in interest to Arkat Nutrition's liabilities. The general rule in Arkansas is that a corporation that "purchases the assets of another corporation does not succeed to the liabilities of the selling corporation." *Campbell v. Davol, Inc.*, 620 F.3d 887, 891 (8th Cir. 2010) (quoting *Swayze v. A.O. Smith Corp.*, 694 F. Supp. 619, 622 (E.D. Ark. 1988)). The plaintiffs have not argued that Ainsworth's purchase of Arkat Nutrition's assets is subject to one of the exceptions to the general rule; nor have they responded to Ainsworth's motion on this issue, seemingly conceding the argument. Ainsworth's motion is granted as to the plaintiffs' breach-of-contract claim against it.

John and Kelly Farmer have also moved for summary judgment on the plaintiffs' breach-of-contract claim against them, arguing that even if a contract existed between Friedman and Arkat Nutrition that they facilitated, they were acting as agents of Arkat Nutrition. "[A]n agent cannot be held personally liable to a third person on a contract for a disclosed principal." *Grayson & Grayson, P.A. v. Couch*, 2012 Ark. App. 20, at 13, 388 S.W.3d 96, 104. Here, all parties involved indicate that they believed that John and Kelly Farmer were acting on behalf of Arkat Nutrition. Friedman's complaint, affidavit, and deposition show that he understood that the equipment he was going to attempt to sell was owned by Arkat Nutrition. *See* Document #1 at 2-3; Document #55-6 at 8 (deposition of Friedman) ("Q. Who exactly did you understand your deal was with? A. Arkat."). No evidence indicates that John and Kelly Farmer were acting in their individual capacities instead of on behalf of Arkat Nutrition. Therefore, John and Kelly Farmer's motions for summary judgment are granted as to the plaintiffs' breach-of-contract claims.

## B.      Promissory Estoppel

The plaintiffs bring claims of promissory estoppel as alternatives to their breach-of-contract claims against Arkat Nutrition, John Farmer, and Kelly Farmer. These defendants have moved for summary judgment.

> To prove promissory estoppel, a plaintiff must show that the defendant made a promise; that the defendant should have reasonably expected the plaintiff to act or refrain from acting in reliance on the promise; that the plaintiff acted or refrained from acting in reasonable reliance on the promise to its detriment; and that injustice can be avoided only by enforcement of the promise.

*Fairpark, LLC v. Healthcare Essentials*, 2011 Ark. App. 146, at 12, 381 S.W.3d 852, 859. Arkat Nutrition's only argument is that "there was no promise breached for the same reasons there was no contract that was breached." Document #56 at 9. As explained above, a genuine dispute exists over

7

the existence of a contract.  Similarly, a genuine dispute exits over whether Arkat Nutrition made

a promise to Friedman that Friedman would have the exclusive right to sell the Plant One equipment.

Friedman has produced evidence that he relied on Arkat Nutrition's promise by renting office space

and hiring a part-time assistant, which cost at least $82,220.  Friedman has produced evidence that

John and Kelly Farmer were aware of Friedman's effort and expenses in marketing the Plant One

equipment.  Kelly Farmer acknowledges becoming "aware that Friedman was using the corporate

name 'F.M. Service Equipment Group, Inc.'"  Document #55-1 at 9.  Therefore, genuine disputes

of material fact exist as to the plaintiffs' promissory-estoppel claim against Arkat Nutrition.  *Cf. K.C.*

*Props. of N.W. Ark., Inc. v. Lowell Inv. Partners, LLC*, 373 Ark. 14, 31, 280 S.W.3d 1, 14 (2008)

("Whether there was actual reliance and whether it was reasonable is a question for the trier of

fact.").

       No genuine dispute of material fact exists, however, as to John and Kelly Farmer's motions,

because, as explained above, they were acting as agents of Arkat Nutrition in making any alleged

promises to Friedman.  Although Arkansas law is not clear on the issue, federal courts interpreting

Arkansas law and the law of other jurisdictions have found that individuals are not liable for the

promises they make on behalf of disclosed corporations.  *See Linville v. ConAgra, Inc.*, No. 1:04-

CV-00004-WRW, 2004 WL 3167119, at *2 (E.D. Ark. May 19, 2004); *see also Myers v. Alutiiq*

*Int'l Solutions, LLC*, 811 F. Supp. 2d 261, 273 (D.D.C. 2011) (citing the law of multiple states).

John and Kelly Farmer's motions for summary judgment are granted as to the plaintiffs' promissory-

estoppel claims.

C.      **Tortious Interference with a Contract**

The plaintiffs claim tortious interference with a contract by Kelly and John Farmer.  Kelly and John Farmer have moved for summary judgment.  The plaintiffs plead this claim in the alternative, "if any or all the actions of Kelly Farmer . . . or John Farmer which frustrated Plaintiffs' ability to . . . benefit [from] its contract with Arkat were outside the actual authority to act on Arkat's behalf."  Document #84 at 7.  The claim is based on Kelly and John Farmer's contacting of potential buyers to dissuade them from purchasing the Plant One equipment from the plaintiffs.  Document #1 at 6.  An "essential element of a tortious-interference-with-contractual-relations claims is that there must be some third party involved."  *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 959, 69 S.W.3d 393, 405 (2002).  John and Kelly Farmer have produced affidavits indicating that any conversations they had with potential buyers for Plant One would have been done on behalf of Arkat Nutrition.  *See* Document 55-1 at 21-22; Document 55-3 at 9.  The plaintiffs have produced no evidence that John or Kelly Farmer was acting in his individual capacity.  Because each was acting on behalf of Arkat Nutrition, and because the alleged interference is with a contract between Friedman and Arkat Nutrition, no third party was involved in the alleged interference.  John and Kelly Farmer's motions for summary judgment are granted as to the plaintiffs' claim for tortious interference of a contract.

Arkat Nutrition also has moved for summary judgment on this issue, but the plaintiffs' complaint alleges tortious interference with a contract only against Kelly and John Farmer.  *See* Document #1 at 6.

D.     **Unjust Enrichment**

The plaintiffs bring claims of unjust enrichment against Arkat Nutrition, John Farmer, and Kelly Farmer, as alternatives to their breach-of-contract claims.  Unjust enrichment is an equitable doctrine based on the notion that a person should not become unjustly enriched at the expense of another and should be required to make restitution for the unjust enrichment received.  *See Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, at 21, 381 S.W.3d 21, 36; *Pro-Comp. Mgmt., Inc. v. R.K. Enters.*, 366 Ark. 463, 469, 237 S.W.3d 20, 24 (2006).  "[A]n action based on unjust enrichment is maintainable where a person has received money or its equivalent under such circumstances that, in equity and good conscience, he or she ought not to retain."  *Campbell*, 2011 Ark. 157, at 21, 381 S.W.3d at 36.  Pleading unjust enrichment as an alternative to a breach-of-contract claim is allowed in appropriate circumstances under Arkansas law.  *See, e.g.*, *Klein v. Arkoma Prod. Co.*, 73 F.3d 779, 786 (8th Cir. 1999); *Friends of Children, Inc. v. Marcus*, 46 Ark. App. 57, 61, 876 S.W.2d 603, 605-06 (1994); 1 Howard W. Brill, *Arkansas Law of Damages* § 31:2 (5th ed. 2004).

While the general rule is that "[t]here can be no 'unjust enrichment' in contract cases," *Lowell Perkins Agency, Inc. v. Jacobs*, 250 Ark. 952, 958, 469 S.W.2d 89, 92 (1971), numerous exceptions to this rule exist.  If, for instance, the contract was rescinded, the contract was discharged by frustration of purpose or impossibility, or the parties made a fundamental mistake about something in the contract, a party may seek recovery on a theory of unjust enrichment.  *See Friends of Children, Inc.*, 46 Ark. App. at 61, 876 S.W.2d at 605 (holding that an unjust-enrichment claim was not barred where the parties had effectively rescinded their contract).  In determining what the general rule means and whether it applies, the rule's purpose is instructive:

"The reason for the rule that someone with an express contract is not allowed to proceed on an unjust-enrichment theory, is that such a proceeding, and, moreover,

that such a person should not be allowed by means of such a proceeding to recover
anything more or different from what the contract provides for. . . .  When the reason
for the rule ceases, the rule itself ceases to apply. . . .  Indeed, it would be a gross
injustice to . . . apply woodenly the technical rule [that a party to an express contract
is not allowed to proceed on an unjust-enrichment theory]."

*Campbell*, 2011 Ark. 157, at 23, 381 S.W.3d at 37 (quoting *United States v. Applied Pharmacy*

*Consultants, Inc.*, 182 F.3d 603, 609 (8th Cir. 1999)).  When a contract is void or does not provide

an answer to or fully address the issue at hand, a party may assert unjust enrichment.  *Id.* (citing 1

Howard W. Brill, *supra*).[4]

The plaintiffs' unjust-enrichment claims against Arkat Nutrition, John Farmer, and Kelly

Farmer are based in part on the notion that Arkat Nutrition used the plaintiffs' services to find a

buyer for Arkat Nutrition's assets but did not pay the plaintiffs anything for their services.  *See*

Document #1 at 7 ("Plaintiff provided Arkat with a buyer for their equipment . . . .").  Friedman

---

[4] According to the *Restatement (Third) of Restitution and Unjust Enrichment*, the majority
view in the United States is that a plaintiff can recover the value of contractual performance through
an unjust-enrichment claim even if the plaintiff is not entitled to enforce the contract by an action
for damages or specific performance:

> The plaintiff may lack a contract claim because the agreement of the parties was
> invalid, illegal, or unenforceable from the outset (§§ 31-33); because although
> initially valid it has been avoided, subsequent to the plaintiff's performance (§ 34);
> because the defendant demanded, and the plaintiff supplied, a performance for which
> the defendant has neither paid nor promised compensation (§ 35); or because the
> plaintiff himself is the party in breach (§ 36).  Claims of this kind are logically part
> of the law of restitution, not contract, because they supply a remedy based on the
> defendant's unjust enrichment in cases where contract law explicitly denies a claim.

Restatement (Third) of Restitution and Unjust Enrichment pt. II, ch. 4, introductory note (2011); *see
also* Robert Stevens, *When and Why Does Unjustified Enrichment Justify the Recognition of
Proprietary Rights?*, 92 B.U. L. Rev. 919, 919 (2012) ("A Restatement's central purpose is not to
explain why the law is as it is, but rather to restate the law in as clear and coherent a manner as
possible.").  *But see* Ernest J. Weinrib, *The Structure of Unjustness*, 92 B.U. L. Rev. 1067, 1079
(2012) ("Despite the outstanding accomplishment of Andrew Kull and his colleagues in the
American Law Institute in drawing up the *Restatement (Third) of Restitution and Unjust
Enrichment*, unjust enrichment is still the least developed area of private law.").

states that in 2008, as a result of Friedman's marketing efforts, an employee from Ainsworth named

Randy Devillars contacted Friedman and expressed an interest in the Plant One equipment.

Friedman sent him detailed information and pictures of the Plant One equipment.  Document #80-1

at 2.  The plaintiffs, however, have not produced evidence that Arkat Nutrition used the plaintiffs'

services to find a buyer for its assets.  In other words, the plaintiffs have not produced evidence that

they provided Arkat Nutrition with the buyer.  Although the plaintiffs had discussions with

Ainsworth, they have not shown that those discussions led to Ainsworth's buying of Arkat

Nutrition's assets, or that the discussions led to Arkat Nutrition's knowledge of Ainsworth as a

potential buyer.  Alternatively, Arkat Nutrition has provided evidence that its relationship with

Ainsworth dated back to 2002; that Rick Wohlschlaeger, the president of Arkat Nutrition, had been

acquainted with Ainsworth for a number of years; and that Wohlschlaeger called Ainsworth in 2008

to discuss the possibility of Ainsworth buying Arkat Nutrition.  *See* Document #55-1 at 5.

The plaintiffs' unjust-enrichment claims against Arkat Nutrition, John Farmer, and Kelly

Farmer also are based on the notion that one or more of these defendants received money from the

sale to Ainsworth to which Friedman was entitled as a commission and that it would be unjust for

them to keep such money.  Under Friedman's explanation of his agreement with Arkat Nutrition,

however, he was to receive a commission only if he sold the Plant One equipment for more than $1.5

million.[5]  No evidence exists that Arkat Nutrition sold the Plant One equipment for more than $1.5

million, so no evidence exists that these defendants received money to which the plaintiffs would

be entitled.  Thus, because a genuine issue of material fact does not exist regarding whether Arkat

---

[5] While the evidence shows that the plaintiffs received a $59,000 commission for Arkat Nutrition's sale of part of the Plant One equipment, Friedman has not asserted that the terms of his agreement with Arkat Nutrition changed.  *See* Document #80-1 at 1-2; Document #80-6.

Nutrition, John Farmer, or Kelly Farmer benefitted from the plaintiffs' services or received money from the sale to Ainsworth to which the plaintiffs were entitled, no unjust enrichment existed, and Arkat Nutrition's, John Farmer's, and Kelly Farmer's motions for summary judgment are granted as to plaintiffs' unjust-enrichment claims.

The complaint also can be read to claim that Ainsworth was unjustly enriched to the plaintiffs' detriment by owning and operating the palletizer that Friedman left at Plant One.  As explained in more detail in the section below, no evidence exists that Ainsworth ever owned, operated, or possessed the palletizer, and Ainsworth's motion for summary judgment is granted as to plaintiffs' unjust-enrichment claim against it.[6]

## E.    Conversion

The plaintiffs have brought a claim against the defendants for conversion of the palletizer that Friedman purchased from Arkat Nutrition in 2008 or 2009 and left on Plant One's grounds through at least December of 2011.  The palletizer is no longer at Plant One and is not in the plaintiffs' possession.  "Conversion is any distinct act of dominion wrongfully exerted over property in denial of, or inconsistent with, the owner's right."  *Elliott v. Hurst*, 307 Ark. 134, 138, 817

---

[6] Although not found in the complaint, the plaintiffs argue in their brief in response to Ainsworth's motion for summary judgment that Ainsworth was unjustly enriched by purchasing the Plant One equipment in which the plaintiffs had an interest.  The plaintiffs have not argued that they have an interest in the equipment sold to Ainsowrth, only that they had the exclusive right to sell the equipment, as well as an interest in a commission resulting from a sale.  If a valid contract existed that Arkat Nutrition breached, then Arkat Nutrition would be liable for any damages the plaintiffs prove as a result of the breach.  If, however, no contract existed, no evidence exists that Ainsworth would have received anything of value to which the plaintiffs would be entitled and to which Ainsworth must restore.  *See* Restatement (Third) of Restitution and Unjust Enrichment (2011) § 2 cmt. b ("To be the subject of a claim in restitution, the benefit conferred must be something in which the claimant has a legally protected interest, and it must be acquired or retained in a manner that the law regards as unjustified.").

S.W.2d 877, 880 (1991).  No evidence exists that John Farmer, Kelly Farmer, or Arkat Nutrition made any distinct act of dominion over the palletizer.  After Friedman bought the palletizer, he left it on Arkat Nutrition's property, where it remained until after Arkat Nutrition no longer owned the property.  *See* Document #55-3 at 13.  No evidence exists that it was part of the sale of assets to Ainsworth.

Ainsworth cannot be liable for conversion, because it lacked knowledge of the palletizer's ownership and because the plaintiffs seemingly abandoned it.  *See* 18 Am. Jur. 2d *Conversion* § 58 (2d ed. 2004) (circumstances applying nonliability for conversion include "lack of knowledge of the ownership of the chattel" and "apparent abandonment of the chattel by the owner").  "Abandonment requires a manifest act that expresses the intent of the owner to forsake his or her property.  Property is abandoned when it has been thrown away or its possession voluntarily forsaken by the owner." *Schmidt v. Stearman*, 98 Ark. App. 167, 175, 253 S.W.3d 35, 42 (2007) (citations omitted) (citing 18 Am. Jur. 2d *Conversion* § 102 (2d ed. 2004) and 90 C.J.S. *Trover & Conversions* § 66 (2002)).  Friedman never took the palletizer out of Plant One.  He left it there while he went to California.  The palletizer remained at Plant One for over two years, and possibly over four years, before it was gone.  Friedman was aware that Ainsworth was buying Arkat Nutrition's assets, including Plant One and its equipment, *see* Document #8-4 at 7 (email to employee of Ainsworth), but no evidence exists that he informed Ainsworth about his ownership of the palletizer until filing this action.  The defendants' motions for summary judgment are granted as to the plaintiffs' claims of conversion.

## F.    Crossclaim

Ainsworth has moved for summary judgment on Kelly Farmer, John Farmer, and Arkat Nutrition's crossclaim against Ainsworth for indemnity and contribution.  The cross-defendants'

response to Ainsworth's motion provides no specifics as to why the Court should deny Ainsworth's motion, asserting that it is "difficult to articulate how or why the contribution and indemnity claims asserted by the Arkat Defendants might be justified under the facts and applicable law." Document #75 at 2.

The cross-defendants have not shown how any provision in the purchase agreement or in the separate settlement agreement of 2012 that it cites requires Ainsworth to indemnify Arkat Nutrition. The only indemnity provision in the purchase agreement indemnifies Ainsworth, not Arkat Nutrition. "Indemnity by operation of law is rarely encountered in today's litigation." *Elk Corp. of Ark. v. Builders Transp., Inc.*, 862 F.2d 663, 666 (8th Cir. 1988) (interpreting Arkansas law). None of the limited situations in which indemnity can arise by operation of law applies here. *See id.* at 666-67 (explaining the situations in which indemnity by operation of law can arise). Nor have the cross-defendants argued that any applies.

The right of contribution exists among joint tortfeasors. Ark. Code Ann. § 16-61-202. Ainsworth is not a tortfeasor in this action and therefore cannot be liable under a claim of contribution. Ainsworth's motion for summary judgment is granted as to Kelly Farmer, John Farmer, and Arkat Nutrition's crossclaim.

**G.     Punitive Damages**

The defendants have moved for summary judgment on any claims for punitive damages. The plaintiffs argue that punitive damages are available only for their tortious-interference-with-a-contract claims. *See* Document #81 at 14. Because the Court has granted summary judgment on those claims, punitive damages are not applicable in this action.

## CONCLUSION

Ainsworth's motion for summary judgment regarding the plaintiffs' claims is granted. Document #63.

Ainsworth's motion for summary judgment regarding Kelly Farmer, John Farmer, and Arkat Nutrition's crossclaim is granted.  Document #64.

John Farmer's motion for summary judgment is granted.  Document #58.

Kelly Farmer's motion for summary judgment is granted.  Document #61.

Arkat Nutrition's motion for summary judgment is granted in part and denied in part. Document #55.  The plaintiffs' breach-of-contract and promissory-estoppel claims against Arkat Nutrition remain.

IT IS SO ORDERED this 19th day of May, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE